THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

MALIKIE INNOVATIONS LTD., and
KEY PATENT INNOVATIONS, LTD.

Plaintiffs,

v.

NINTENDO CO., LTD., and NINTENDO OF
AMERICA INC.,

Defendants.

Case No. 2:24-cv-01490-JLR

STIPULATED PROTECTIVE ORDER

**Note on Motion Calendar:** June 6, 2025

1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.    DEFINITIONS

A Party shall designate documents, information, or material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" only upon a good faith belief that the documents, information, or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

2.1    "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

(i)    Documents, information, or material regardless of how they are generated, stored, or maintained that contain confidential business information that is not and has not been made public about the producing party's product development, design, or specifications for products;

(ii)    information the producing party is obligated by law to maintain in confidence;

(iii)    accounting/financial information, books, and records that are not made public;

(iv)    sales information about commercial products that are not made public, including information on pricing and sales volumes;

(v)    customer information and data;

(vi)    business and marketing plans, strategies, analyses, or surveys;

(vii)    information on the producing party's competitors and competitive environment;

(viii)    contracts and agreements or any draft, negotiations, or summaries thereof;

(ix)    information that is subject to the privacy interest of any individual (e.g., medical records, financial information, etc.);

(x)    any document or tangible thing that the producing party believes in good faith includes information not generally known to others and that it would not normally

reveal to third parties except in confidence or has undertaken with others to maintain in confidence.

2.2    HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" MATERIAL

"Highly Confidential Attorneys' Eyes Only" material is "CONFIDENTIAL" material that includes extremely commercially sensitive information, disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  Such information shall include but is not limited to trade secrets, confidential research and development, any non-public financial, technical, marketing, cost, pricing and revenue information, and any other commercially sensitive trade secret information.

2.3    HIGHLY CONFIDENTIAL – SOURCE CODE" MATERIAL

"Highly Confidential Source Code" material is "CONFIDENTIAL" material that includes extremely commercially sensitive computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software, disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.4    Outside Counsel of Record"

"Outside Counsel of Record" are attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party and their support staff.

3.    SCOPE

The protections conferred by this agreement cover not only "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – SOURCE CODE" material (as defined above) (collectively referred to as "Protected Material"), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

presentations by parties or their counsel that might reveal Protected Material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    ACCESS TO AND USE OF PROTECTED MATERIAL

4.1    Basic Principles. A receiving party may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Protected Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any "CONFIDENTIAL" material only to:

(a)    the receiving party's Outside Counsel of Record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c)    experts and consultants (and their support personnel under paragraph 8.6) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court, court personnel, and court reporters and their staff;

(e)    copy or imaging services retained by counsel to assist in the duplication of "CONFIDENTIAL" material, provided that counsel for the party retaining the copy or imaging service has a confidentiality agreement in place with the service similar or identical to Exhibit A

and instructs the service not to disclose any "CONFIDENTIAL" material to third parties and to immediately return all originals and copies of any "CONFIDENTIAL" material;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal "CONFIDENTIAL" material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)     any other person the parties agree to in writing.

4.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Materials</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" material only to:

(a)     the receiving party's Outside Counsel of Record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     experts and consultants (and their support personnel under paragraph 8.6) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A) and to whom the procedures set forth in paragraph 4.4, below, have been followed;

(c)     the court, court personnel, and court reporters and their staff;

(d)     copy or imaging services retained by counsel to assist in the duplication of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material provided that counsel for

the party retaining the copy or imaging service has a confidentiality agreement in place with the service similar or identical to Exhibit A and instructs the service not to disclose any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material to third parties and to immediately return all originals and copies of any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material;

(e)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(f)    any other person the parties agree to in writing.

4.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Material:

(a)    Unless otherwise ordered by the court or agreed to in writing by the designating party, a party that seeks to disclose to an expert or consultant any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," pursuant to paragraph 4.3(b) first must make a written request to the designating party that (1) identifies what category of information, whether it is "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," that the receiving party seeks permission to disclose to the expert or consultant, (2) sets forth the full name of the expert or consultant and the city and state of his or her primary residence, (3) attaches a copy of the expert or consultant's current resume, (4) sets forth a list of other cases in which the individual has provided a report or testified (at trial or deposition) within the preceding four years, and (5) sets forth a list of companies that the individual has been employed by or provided consulting services pertaining to the field of the invention of the patent(s)-in-suit or the products accused of infringement within the preceding four years and a brief description of the subject matter of the consultancy or employment.

(b)     A party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject protected material to the identified expert or consultant unless, within seven (7) days of delivering the request (during which the subject protected material will not be shared with the identified expert or consultant), the party receives a written objection from the designating party.  Any such objection must set forth in detail the grounds on which it is based.

(c)     A party that receives a timely written objection must meet and confer with the designated party to try to resolve the matter by agreement within seven (7) days of the written objection.  If no agreement is reached, the party seeking to make the disclosure to the expert or consultant may seek a conference with the Court and, if necessary, file a motion as provided in Local Civil Rule 7 seeking permission from the court.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the expert or consultant is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the designating party for its refusal to approve the disclosure.

In any such proceeding, the party opposing disclosure to the expert or consultant shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the receiving party's need to disclose the protected material to its expert or consultant.

4.5     Filing Protected Material. Before filing Protected Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the

designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.    DESIGNATING PROTECTED MATERIAL

    5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

    Mass, indiscriminate, or routinized designations are to be avoided. Designations that are shown to be clearly unjustified and are not removed or modified in response to reasonable objection, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

    If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2    Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or

STIPULATED PROTECTIVE ORDER
CASE NO. 2:24-cv-01490-JLR - PAGE 8

ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). For documents produced in native format (*e.g.*, Excel files), the designating party must include an indicator of the confidentiality designation in the filename.

A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all the materials made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or, for source code related materials, "HIGHLY CONFIDENTIAL – SOURCE CODE." After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the producing party must affix the appropriate designation in the manner described above.

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Alternatively, a designating party may specify, at the deposition or up thirty (30) days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Any transcript that is prepared before the expiration of the 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety, and source code material or testimony as "HIGHLY CONFIDENTIAL – SOURCE CODE," unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.  If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)    Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE".  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.    <u>PROSECUTION BAR</u>

Absent written consent from the producing party, any attorney representing a party, whether in-house or outside counsel, and any person associated with a party and permitted to receive access and who does receive access to materials designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE (collectively, "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, another party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit as well as the subject matter of the

HIGHLY SENSITIVE MATERIAL to which access is received during the pendency of this action and for one (1) year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit as well as the subject matter of the HIGHLY SENSITIVE MATERIAL to which access is received. Nothing in this Order shall prevent a person with access to HIGHLY SENSITIVE MATERIAL from participating in a PTO proceeding, *e.g.*, IPR or PGR, except that the person shall not participate, directly or indirectly, in the amendment of any claim(s) and the aforementioned Ethical Wall is in place to prohibit the sharing of information about amendment of claims.

8.    SOURCE CODE

8.1    To the extent production of source code becomes necessary in this case, a producing party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" in accordance with Paragraph 2.3 above.

8.2    Access to a party's source code material shall be provided only on a "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer may only be located within the continental United States at the offices of the producing party's outside counsel in Palo Alto, or another mutually agreed upon location. The stand-alone computer shall have disk encryption and be password protected. Any making of electronic or paper copies of any complete lines of source code is prohibited while accessing the computer containing the source code. All persons entering the locked room containing the stand-alone computer must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items, including as described in Section 8.12, before they will be given access to the stand-alone computer, and shall sign a log that includes the names of persons who enter the room and the dates and times when they enter and depart. A

non-attorney for the producing party may visually monitor the activities of the receiving party's representatives but only to ensure that no unauthorized electronic records of the source code material and no information concerning the source code material are being created or transmitted in any way.

8.3     The receiving party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m.  However, upon reasonable notice from the receiving party, the producing party shall make reasonable efforts to accommodate the receiving party's request for access to the stand-alone computer outside of normal business hours.   The parties agree to cooperate in good faith such that maintaining the producing party's source code at the offices of its outside counsel shall not unreasonably hinder the receiving party's ability to efficiently and effectively conduct the prosecution or defense of this action.

8.4     The producing party shall provide the receiving party with information explaining how to start, log on to, and operate the stand-alone computer in order to access the produced source code material on the stand-alone computer.

8.5     The producing party will produce source code material in computer searchable format on the stand-alone computer as described above.  The stand-alone computer shall include Notepad++ and BareGrep as tools for the review and analysis of source code material. The receiving party's outside counsel and/or experts/consultants may request that commercially available software tools for viewing and searching source code material be installed on the stand-alone computer, provided, however, that (a) the receiving party possesses an appropriate license to such software tools; (b) the producing party approves such software tools; and (c) such other software tools are reasonably necessary for the receiving party to perform its review of the source code material consistent with all of the protections herein. The producing party shall approve reasonable requests for additional commercially available software tools. The receiving party must provide the producing party with the CD, DVD, file path, or Advanced Package Tool package

1  containing such licensed software tool(s) at least six (6) business days in advance of the date upon

2  which the receiving party wishes to have the additional software tools available for use on the

3  stand-alone computer.  The producing party shall make reasonable attempts to install the requested

4  software but will not be held responsible for the proper setup, functioning, or support of any

5  software requested by the receiving party.  By way of example, the producing party will not

6  compile or debug software for installation.

7    8.6    Access to source code material shall be limited to outside counsel and up to three

8  (3) outside consultants or experts[1] (*i.e.*, not existing employees or affiliates of a party or an

9  affiliate of a party or competitor identified by the producing party with reasonable specificity)

10 retained for the purpose of this litigation and approved to access such protected materials pursuant

11 to paragraph 4.4 above.    A receiving party may include excerpts of source code material in the

12 body of an expert report only to the extent necessary to provide evidence to support an opinion (if

13 no more than 20 consecutive lines of code), pleading (if no more than 20 consecutive lines of

14 code), or in a trial exhibit, trial demonstrative, exhibit to a pleading, exhibit to an expert report, or

15 deposition transcript exhibit (collectively, "Source Code Exhibits"), provided that the Source Code

16 Exhibits are appropriately marked under this Order, restricted to those who are entitled to have

17 access to them as specified herein, and, if filed with the Court, filed under seal in accordance with

18 the Court's rules, procedures, and orders.

19    8.7    To the extent portions of source code material are quoted in a Source Code

20 Exhibit, either (1) the entire Source Code Exhibit will be stamped and treated as HIGHLY

21 CONFIDENTIAL - SOURCE CODE or (2) those pages containing quoted Source Code Material

22 will be separately stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE.

23    8.8    No electronic copies of source code material shall be made without prior written

24 consent of the producing party, except as necessary to create documents that, pursuant to the

25

26 [1] Each outside consultant or expert may have 1 support person receive access to source code material, provided that such support person accessing the source code material shall be disclosed pursuant to Paragraph 4.4.

STIPULATED PROTECTIVE ORDER
CASE NO. 2:24-cv-01490-JLR - PAGE 14

Court's rules, procedures, and order, must be filed or served electronically. To the extent portions of source code material are quoted in an electronic copy or image of a document which, pursuant to the Court's rules, procedures, or orders, must be filed or served electronically ("Source Code Exhibit"), either (1) the entire Source Code Exhibit will be stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE or (2) those pages containing quoted source code material will be separately stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE. The receiving Party may create an electronic copy or image of limited excerpts of no more than 75 lines of source code material from Source Code Printouts (*see* Section 8.9 below) as defined below in paragraph (i), only to the extent necessary to create Source Code Exhibits or any drafts of these documents. The receiving party shall only include such excerpts as are reasonably necessary for inclusion in such documents for filing with the Court. Images or copies of source code material shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The receiving party may create an electronic image of a selected portion of the source code material only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection, and any documents or drafts thereof that contain such source code material must remain encrypted except as may be required for filing with the Court. The communication and/or disclosure of electronic files containing any portion of source code material shall at all times be limited to individuals who are authorized to see source code material under the provisions of this Protective Order. Additionally, all electronic copies must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" and must only be exchanged via secure, encrypted file transfer. If Source Code Exhibits are filed with the Court, they must be filed under seal in accordance with the Court's rules, procedures and orders. Electronic images should not be maintained separate and apart from the filing for which they were created for.

8.9    No person shall copy, e-mail, transmit, upload, download, print, photograph or

otherwise duplicate any portion of the designated "HIGHLY CONFIDENTIAL – SOURCE CODE" material. The receiving party may request up to three paper copies ("Source Code Printouts") of limited portions of source code material, but only if and to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers. The receiving party may request additional paper copies of source code at any time with a showing of good cause. In no event may the receiving party request printouts of more than 30 consecutive pages, or an aggregate total of more than 400 pages, of source code during the duration of the case without prior written approval by the producing party. The producing party agrees to meet in good faith to discuss printout page limits should the circumstances warrant increased limits (e.g. the need to print from numerous versions of source code). The receiving party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth above. Using the software available on the source code computer, the receiving party shall create PDFs of the printed copies the receiving party is requesting and save them in a folder on the desktop named "Print Requests" with a subfolder identifying the date of the request. The PDF printouts must include identifying information including the full file path and file name, page number, line numbers, and date. The request for printed source code material shall be served via email request identifying the subfolders of the "Print Requests" folder that the receiving party is requesting. Within three (3) business days of receiving a request for printed source code material, the producing party will provide to the receiving party the requested printed source code material on watermarked or colored paper bearing Bates numbers and the legend "HIGHLY CONFIDENTIAL - SOURCE CODE." Any challenges to or modifications of the limitations on the amount of source code to be printed may be made pursuant to the dispute resolution procedure and timeframes set forth herein. The receiving party shall have the burden of showing why the additional printed code is necessary to the case and why the necessity of disclosure of this additional code outweighs the highly confidential nature of the source code.

8.10    If the receiving party's outside counsel, consultants, or experts obtain printouts or

photocopies of source code material, the receiving party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. Where outside counsel, consultants, or experts can access a physical office only with significant (*e.g.*, half or full-day) travel, the receiving party shall ensure they maintain security of the printouts or photocopies in a secured locked area only accessible to outside counsel, consultants, or experts. The receiving party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the source code material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the source code material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition) provided that the Source Code Printouts are kept in a secure manner that ensures access is limited to the persons authorized under this Order.

8.11    A producing party's source code material may only be transported by the receiving party at the direction of a person authorized under paragraph 4.4 above to another person authorized under paragraph 4.4 above, on paper via hand carry, Federal Express, or other similarly reliable courier. Source code material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.

8.12    During their review of produced Source Code Material, outside counsel and experts may take notes on a dedicated laptop computer with its camera covered or disabled provided by the producing Party in the same room as the stand-alone computer containing Source Code Material. Such notes may not substitute for the printing requests described in this paragraph. Such notes must be designated as "HIGHLY CONFIDENTIAL – SOURCE CODE." The dedicated laptop computer must contain at least Notepad++. The receiving Party's outside counsel, consultants, and experts may take notes on the dedicated laptop computer and save them on an encrypted removable media, such as a thumb drive, that connects to the dedicated laptop computer. The encrypted removable media must be removed from the room containing the stand-alone

computer after the notes have been uploaded to/downloaded from the dedicated notetaking laptop computer.  The receiving Party's outside counsel, consultants, and experts may take the encrypted removable media with their notes with them at any time.  Other electronic devices, including personal cell phones and any input/output device (e.g., USB memory stick, tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.), shall not be permitted in the rooms with the stand-alone computer(s) and connected printer(s).

8.13    The reviewer shall not take notes electronically on the "stand-alone" computer containing source code material or any other computer or electronic device (besides the dedicated note-taking laptop computer) while conducting a review.

8.14    A list of names of persons who will review source code material on the stand-alone computer will be provided to the producing party in conjunction with any written (including email) notice requesting inspection.  Prior to the first inspection of any source code material on the stand-alone computer, the receiving party shall provide five (5) business days' notice to schedule the initial inspection with the producing party. The receiving party shall provide three (3) business days' notice in advance of scheduling any additional inspections.  Such notice shall include the names and titles for every individual from the receiving party who will attend the inspection.

8.15    All copies of any portion of the Source Code Printouts in whatever form shall be securely destroyed if they are no longer in use and the producing party shall be notified of such destruction within 30 days.  Copies of Source Code Printouts that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. If a party deposing a witness wishes to refer to Source Code Printouts, the party will provide notice by electronic mail at least five (5) calendar days in advance of any such deposition. No notice is required if a party deposing a witness does not intend to refer to Source Code Printouts.  The witness will be provided a copy of the complete range of Source Code Printouts by their counsel. Any paper copies used during a

1    deposition provided by the producing party will be retrieved by the producing party at the end of

2    each day, and any such copies provided by the receiving party will be retrieved by the receiving

3    party at the end of each day. In the case of a remote deposition, counsel for the witness will be

4    responsible for providing a copy of the complete range of Source Code Printouts to the witness in

5    advance of any such deposition.

6    9.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

7    <u>LITIGATION</u>

8          If a party is served with a subpoena or a court order issued in other litigation that compels

9    disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY

10   CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE

11   CODE," that party must:

12         (a)    promptly notify the designating party in writing and include a copy of the

13   subpoena or court order;

14         (b)    promptly notify in writing the party who caused the subpoena or order to

15   issue in the other litigation that some or all of the material covered by the subpoena or order is

16   subject to this agreement. Such notification shall include a copy of this agreement; and

17         (c)    cooperate with respect to all reasonable procedures sought to be pursued by

18   the designating party whose Protected Material may be affected.

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
CASE NO. 2:24-cv-01490-JLR - PAGE 19

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

12.   NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Protected Material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    Dated: June 6, 2025                          Presented by,

4    By:  */s/ Mark P Walters*                    By:  */s/ Khue Hoang*

5    Lawrence Graham (Bar No. 25402)              Roger M. Townsend, WSBA #25525
     Mark Walters (Bar No. 30819)                 1000 Second Avenue, Suite 3670
6    LOWE GRAHAM JONES                            Seattle, WA 98104
     1325 Fourth Avenue, Suite 1130               (206) 652-8660
7    Seattle, WA 98101                            rtownsend@bjtlegal.com
8    Telephone: +1 206 381 3300
     Fax: +1 206 381 3301                         Matthew G. Berkowitz (*pro hac vice*)
9    walters@lowegrahamjones.com                  mberkowitz@reichmanjorgensen.com
     graham@lowegrahamjones.com                   Yue (Joy) Wang *(pro hac vice)*
10                                                ywang@reichmanjorgensen.com
                                                  REICHMAN JORGENSEN LEHMAN &
11   Matthew J. Brigham (*pro hac vice*)          FELDBERG LLP
     Dena Chen (*pro hac vice*)                   100 Marine Parkway, Suite 300
12   COOLEY LLP                                   Redwood Shores, California 94065
     3175 Hanover Street                          Telephone: (650) 623-1401
13   Palo Alto, CA  94304-1130
     Tel.    (650) 843-5000                       Khue Hoang (*pro hac vice*)
14   Fax:    (650) 849-7400                       khoang@reichmanjorgensen.com
     Email: mbrigham@cooley.com                   REICHMAN JORGENSEN LEHMAN &
15          dchen@cooley.com                      FELDBERG LLP
                                                  400 Maidson Avenue, Suite 14D
16                                                New York, NY 10017
     Stephen R. Smith (*pro hac vice*)            Telephone: (212) 381-1965
17   1299 Pennsylvania Ave NW, Suite 700
     Washington, D.C. 20004                       Taylor N. Mauze *(pro hac vice)*
18   Telephone: +1 202 842 7800                   tmauze@reichmanjorgensen.com
     Fax: +1 202 842 7899                         REICHMAN JORGENSEN LEHMAN &
19   stephen.smith@cooley.com                     FELDBERG LLP
                                                  515 Congress Avenue, Suite 1900
20                                                Austin, TX 78701
     *Attorneys for Defendants/Counterclaimants*  Telephone: (650) 623-1401
21   *NINTENDO CO., LTD., and*
     *NINTENDO OF AMERICA INC.*                   Attorneys for Plaintiffs/Counterdefendants
22                                                *MALIKIE INNOVATIONS LTD., and*
                                                  *KEY PATENT INNOVATIONS LTD.*
23

24

25

26

1      PURSUANT TO STIPULATION, IT IS SO ORDERED

2      IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

3   documents, electronically stored information (ESI) or information, whether inadvertent or

4   otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or

5   state proceeding, constitute a waiver by the producing party of any privilege applicable to those

6   documents, including the attorney-client privilege, attorney work-product protection, or any other

7   privilege or protection recognized by law. This Order shall be interpreted to provide the maximum

8   protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.

9   Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review

10  of documents, ESI or information (including metadata) for relevance, responsiveness and/or

11  segregation of privileged and/or protected information before production.  Information produced

12  in discovery that is protected as privileged or work product shall be immediately returned to the

13  producing party.

14

15      DATED: June 6, 2025

16

17

18                                            _____

19                                            James L. Robart
                                              United States District Court Judge

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
CASE NO. 2:24-cv-01490-JLR - PAGE 22

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on _____

in the case of *Malikie Innovations Ltd., et al, v. Nintendo Co., Ltd., et al*, No. 2:24-cv-01490-JLR.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____