UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MALIKIE INNOVATIONS LTD., et al.,<br><br>      Plaintiffs,<br>  v.<br><br>NINTENDO CO. LTD., et al.,<br><br>      Defendants. | CASE NO. C24-1490JLR<br><br>ORDER |

## I.  INTRODUCTION

Before the court is Defendants Nintendo Co., Ltd. and Nintendo of America Inc.'s (together, "Nintendo") motion to stay this case pending the completion of (1) the U.S. Patent and Trademark Office's ("USPTO") *ex parte* reexamination of one of the six patents at issue in this case and (2) the Patent Trial and Appeal Board's ("PTAB") *inter partes* review ("IPR") of the five remaining patents.  (MTS (Dkt. # 55); Reply (Dkt. # 62).)  Plaintiffs Malikie Innovations Ltd. ("Malikie") and Key Patent Innovations, Ltd.

ORDER - 1

("KPI," and together with Malikie, "Plaintiffs") oppose Nintendo's motion. (Resp. (Dkt. # 59).) The court has considered the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised,[1] the court GRANTS Nintendo's motion to stay.

## II. BACKGROUND

Plaintiffs allege that Nintendo infringes upon six patents owned by Malikie: U.S. Patent Nos. 8,545,247 ("the '247 Patent"); 8,115,731 ("the '731 Patent"); 9,542,571 ("the '571 Patent"); 8,610,397 ("the '397 Patent"); 7,529,305 ("the '305 Patent"); and 9,313,065 ("the '065 Patent") (collectively, the "Asserted Patents"). (Compl. (Dkt. # 1) ¶ 20.) Plaintiffs contend that the Asserted Patents relate to "groundbreaking inventions pertaining to the use, display, and control of data on, as well as the use, display, control, and charging of[,] portable electronic devices." (*Id.* ¶ 21; *see also id.*, Exs. A-F (copies of the Asserted Patents).) Plaintiffs allege that both the previous owner of the Asserted Patents and Malikie offered Nintendo the opportunity to license any or all of the Asserted Patents, but Nintendo did not agree to do so. (*Id.* ¶¶ 28-37.)

Plaintiffs filed their complaint on September 17, 2024. (*See* Compl.) Nintendo answered the complaint and asserted affirmative defenses and counterclaims on January 13, 2025. (*See* Nintendo Answer (Dkt. # 26).) Plaintiffs answered the counterclaims on February 3, 2025. (*See* Pls. Answer (Dkt. # 30).) On March 5, 2025, the court entered a scheduling order in which it set a *Markman* claim construction hearing on October 24,

---

[1] Neither party requests oral argument, and the court concludes that oral argument would not be helpful to its disposition of this motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

2025, with trial beginning on January 11, 2027. (3/5/25 Sched. Order (Dkt. # 31).) The parties filed a joint claim construction and prehearing statement on August 6, 2025. (LPR 132 Statement (Dkt. # 44).) On September 11, 2025, the court, on Nintendo's motion, continued the *Markman* hearing to November 18, 2025, and reset the pre-*Markman* deadlines accordingly. (9/11/25 Order (Dkt. # 48).)

On September 24, 2025, Plaintiffs filed an unopposed motion to amend their infringement contentions directed to the '247 Patent and represented that Nintendo would serve amended non-infringement contentions and invalidity contentions for the '247 Patent by October 22, 2025. (Mot. to Amend (Dkt. # 49); *see* Am. LPR 132 Statement (Dkt. # 50) (including clean and redlined versions of Plaintiffs' proposed amended infringement contentions).) Although the court granted Plaintiffs' motion to amend, it observed that the parties' proposed deadline for Nintendo to serve amended non-infringement and invalidity contentions conflicted with the deadlines to file opening and responsive *Markman* briefs. (9/25/25 Order (Dkt. # 51) at 2.) The court also noted that it was unclear whether the parties would require additional time for claim construction discovery in light of the amended contentions. (*Id.*) Finally, the court found that it would benefit from the assistance of an independent expert in preparing for the claim construction hearing. (*Id.*) Accordingly, the court vacated the November 18, 2025 *Markman* hearing and ordered the parties to file a proposed amended pre-*Markman* schedule and identify a proposed independent expert. (*Id.* at 2-3.)

On October 8, 2025—two days before the parties' deadline to respond to the court's September 25 order—Nintendo moved for judgment on the pleadings regarding

the invalidity of the '571 Patent.  (MJOP (Dkt. # 52).)  The parties jointly moved that same day for a one-week extension of their deadline to file the statement required by the September 25 order, and the court granted the motion on October 9, 2025.  (Joint Mot. (Dkt. # 53); 10/9/25 Order (Dkt. # 54).)

Later that same day, Nintendo filed the motion to stay that is now before the court.  (MTS.)  Nintendo's motion is based on the USPTO's July 8, 2025 order instituting *ex parte* reexamination of the '065 Patent (*see* Chen Decl. (Dkt. # 56) ¶ 2, Ex. 1 (EPR Decision)) and Nintendo's October 8 and 9, 2025 petitions for *inter partes* review of the five remaining Asserted Patents (*see id.* ¶¶ 3-7, Exs. 2-6 (IPR petitions)).  Nintendo represents that between the *ex parte* reexamination and *inter partes* review, all of Plaintiffs' asserted claims face challenges before the Patent Office.  (MTS at 5; *see id.* at 1 (representing that Plaintiffs assert 94 claims across the six Asserted Patents).)

The parties filed their statement in response to the court's September 25 order on October 17, 2025.  (Joint Statement (Dkt. # 58).)  Defendants' motion to stay and motion for judgment on the pleadings are both now fully briefed.  (*See generally* Dkt.)

### III.    ANALYSIS

District courts have inherent power to manage their dockets and discretion to stay proceedings pending the conclusion of a USPTO reexamination or *inter partes* review.  *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *SRC Labs, LLC v. Amazon Web Servs., Inc.*, No. C18-0317JLR, 2018 WL 6201489, at *2 (W.D. Wash. Nov. 28, 2018) (staying case *sua sponte* pending resolution of IPR petitions).  To determine whether to grant such a stay,

the court considers three factors:  (1) whether a stay will simplify the court proceedings, (2) the stage of the case, and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party.  *Pac. Bioscience Lab'ys, Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061, 1063 (W.D. Wash. 2011).  The court applies the "three-factor framework from *Pacific Bioscience*[] regardless of whether an IPR petition is pending or has been granted." *SRC Labs*, 2018 WL 6201489, at *2.  As discussed below, the court concludes that the *Pacific Bioscience* factors favor granting Nintendo's motion to stay.

### A.    Simplification of Proceedings

First, the court finds that a stay is likely to simplify these proceedings.  As Nintendo points out, 94 separate claims over six distinct patents are at issue in this case, and the reexamination and IPR petitions challenge all of these claims.  (*See* MTS at 1, 5.)  As a result, there is a significant possibility that reexamination and *inter partes* review could narrow the asserted claims and simplify the litigation.  *See AT & T Intell. Prop. I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1053 (N.D. Cal. 2011) ("[I]f the reexamination proceeding should narrow *any* of the asserted claims of the [patents-in-suit], the scope of [this] litigation may be significantly simplified."); *Pac. Bioscience*, 760 F. Supp. 2d at 1064 (noting that some claims at issue in litigation could emerge from reexamination changed or cancelled).  Furthermore, "regardless of the outcome of the reexamination, the court will nevertheless have the benefit of the USPTO's expertise, analysis of the [ ] patent claims, and evaluation of the relevant prior art" should the court lift the stay in the future.  *Pac. Bioscience*, 760 F. Supp. 2d at 1066 (citing *Ethicon*, 849 F.2d at 1428).  If

the court denies the stay, however, "there is a substantial risk that both the court and the parties will needlessly expend valuable resources in determining the validity of patent claims that are ultimately cancelled or amended by the USPTO" in reexamination or by the PTAB in *inter partes* review. *See id.* at 1064-65 (compiling cases). Accordingly, the first factor weighs in favor of granting Nintendo's motion to stay.

**B.     Stage of the Case**

Second, although Plaintiffs filed this case in 2024, the matter is still in its early stages. The court vacated the *Markman* claim construction hearing after granting Plaintiffs leave to amend their infringement contentions. (*See generally* 9/25/25 Order.) At the time, the court noted that it was unclear whether the parties would require further claim construction discovery after Nintendo amended its non-infringement and invalidity contentions. (*See id.* at 2.) Then, in their response to the court's September 25, 2025 order, the parties asked the court to continue the deadlines for their claim construction briefs into early 2026. (*See* Joint Statement at 2.) Thus, "[n]either the parties, nor the court, have invested the kind of resources that would render a stay pending reexamination untenable." *Pac. Bioscience*, 760 F. Supp. 2d at 1066. As a result, the court finds that the early stage of these proceedings weighs in favor of a stay.

**C.     Undue Prejudice or Tactical Disadvantage**

Finally, although the court recognizes that Plaintiffs may suffer some prejudice as a result of the delay inherent in any reexamination or *inter partes* review process, Plaintiffs have not shown that they will be unduly prejudiced by a stay. First, "[c]ourts have repeatedly held that the delay inherent in the reexamination process does not, by

itself, constitute undue prejudice." *Pac. Bioscience*, 760 F. Supp. 2d at 1066 (citing *Implicit Networks, Inc. v. Advanced Micro Devices, Inc.*, No. C08-0184JLR, 2009 WL 357902, at *3 (W.D. Wash. Feb. 9, 2009) (collecting cases)). Second, Plaintiffs are non-practicing entities who do not compete with Nintendo. (*See* Pls. Answer ¶¶ 9-12 ("Plaintiffs admit neither Malikie nor KPI were competitors of Nintendo[.]").) As a result, the potential for prejudice resulting from a stay is of less concern than it would be if the parties were direct competitors. *See WAG Acquisition, LLC v. Amazon.com, Inc.*, No. C22-1424JLR, 2023 WL 1991888, at *3 (W.D. Wash. Feb. 14, 2023) (citing *SRC Labs, LLC v. Microsoft Corp.*, No. C18-0321JLR, 2018 WL 6065635, at *4 (W.D. Wash. Nov. 20, 2018)). Indeed, "[c]ourts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement." *Id.* (quoting *Implicit Networks*, 2009 WL 357902, at *3). Finally, Plaintiffs raise only claims of patent infringement in this case; they do not raise any independent claims such as breach of contract or misappropriation of trade secrets that could be prejudiced by a stay of the entire case. *See, e.g.*, *Immersion Corp. v. Valve Corp.*, No. C23-0712TL, 2024 WL 1466536, at *4 (W.D. Wash. Apr. 4, 2024) (granting stay where there were no independent claims that could be prejudiced by a stay).

In sum, the court finds that all three of the *Pacific Bioscience* factors weigh in favor of staying this case pending the completion of *ex parte* reexamination and IPR proceedings. Therefore, the court grants Nintendo's motion to stay.

//

//

## IV.  CONCLUSION

For the foregoing reasons, the court GRANTS Nintendo's motion to stay (Dkt. # 55).  The court STAYS this case pending the completion of *ex parte* reexamination and IPR proceedings, VACATES the trial date and all pending case deadlines, and ORDERS the parties to file a joint status report regarding the status of the *ex parte* reexamination and IPR proceedings by no later than six months from the date of this order and every six months thereafter.  The parties are further directed to notify the court within 14 days after the *ex parte* reexamination and IPR proceedings are resolved.  The court DENIES Nintendo's motion for judgment on the pleadings (Dkt. # 52) without prejudice to Nintendo renewing its motion, if appropriate, after the court lifts the stay.

Dated this 7th day of November, 2025.

JAMES L. ROBART
United States District Judge